IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS H. BIRENBAUM,** | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-4196-L** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellee's Motion to Dismiss for Want of Jurisdiction (Doc. 4), filed August 5, 2015. Absent jurisdiction, the court does not have authority to consider this bankruptcy appeal. Accordingly, to avoid further delay in a case that has been pending more than eight months with little or no activity, the court expedited the briefing on Appellee's motion and directed Appellant to file a response no later than August 17, 2015. In accordance with the court's order, Appellant filed a response to the motion to dismiss within the time allowed. After considering the motion, response, record, and applicable law, the court **grants** Appellee's Motion to Dismiss for Want of Jurisdiction (Doc. 4) and **dismisses without prejudice** this appeal.

In its motion to dismiss, Appellee contends that Appellant's appeal from the bankruptcy court's summary judgment order is an improper interlocutory appeal that should be dismissed because the order did not dispose of all of the claims and requests for relief in the underlying adversary action initiated by Appellant. Appellee asserts that its counterclaims for declaratory judgment and judicial foreclosure, as well as its alternative claims for equitable subrogation and

foreclosure of a vendor's lien, remain pending against Appellant and Appellant's wife, third-party Defendant Brenda Birenbaum.

Appellant opposes the motion to dismiss and contends in response that nothing remains to be adjudicated in the bankruptcy adversary proceeding after entry of the bankruptcy court's summary judgment order. According to Appellant, any further action by Appellee required to effect a judicial foreclosure or obtain the other relief sought by it is merely ministerial or collateral to the bankruptcy court's summary judgment order dismissing his claims. Based on this reasoning, Appellant characterizes Appellee's counterclaims and requests for relief in the adversary action, that were not resolved by the summary judgment motion, as being akin to a collateral request for attorney's fees. The court disagrees.

Appellant's appeal from the bankruptcy court's summary judgment order is interlocutory in nature because the bankruptcy court's order did not dispose of all of the claims and requests for relief in the underlying action. *See In re Moody*, 817 F.2d 365, 367 (5th Cir. 1987) ("[A]n order that effectively disposes of a claim by one plaintiff against one defendant normally, although not invariably, is regarded as interlocutory as long as the other claims remain unsettled."). Contrary to Appellant's assertion, the bankruptcy court's order only addressed and dismissed his claims based on the contention that Appellee does not have a valid and enforceable lien. In other words, the bankruptcy court concluded that Appellee has a valid and enforceable lien.

The bankruptcy court has made no findings, however, as to whether Appellee is entitled to a declaratory judgment regarding its authority to inspect the property or hold the insurance proceeds until improvements are made; nor has there been any finding as to whether Appellee is entitled to: (1) foreclose on the property under Texas Rule of Civil Procedure 735.3, the deed of trust, and

**Memorandum Opinion and Order - Page 2**

section 51.002 of the Texas Property Code; or (2) a judgment for judicial foreclosure. While the bankruptcy court concluded that Appellee has a valid lien, this alone is insufficient to establish Appellee's entitlement to the relief sought.

Moreover, Appellant's contention, that there is no dispute in the adversary proceeding whether he defaulted on his debt to Appellee or whether Appellee is entitled to judicial foreclosure, is not supported by the record. No findings in this regard have been made by the bankruptcy court to date. Additionally, in his Answer, Appellant specifically denied Appellee's allegations with respect to its counterclaims, including the allegation that Appellant defaulted on the note.

While district court's have discretion and jurisdiction to review interlocutory orders under 28 U.S.C. § 158(a), Appellant has not moved for or been granted leave to file an interlocutory appeal. 28 U.S.C. § 158(a)(3). Further, even if Appellant had moved for leave to file an interlocutory appeal, the court would have denied any such request because none of the requirements for an interlocutory appeal has been met.[*] Accordingly, the court **grants** Appellee's Motion to Dismiss for Want of Jurisdiction (Doc. 4) and **dismisses without prejudice** this interlocutory appeal.

---

[*] Interlocutory appeals are not favored because they interfere with the overriding goal of the bankruptcy system and the expeditious resolution of pressing economic difficulties. *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). As a result, leave for an interlocutory appeal is granted only in exceptional circumstances that justify overriding the general policy of not allowing such appeals. *Id.* Section 158(a)(3) does not set forth a standard for determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, but many district courts have adopted the standard for appeals under 28 U.S.C. § 1292(b). *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of this order must materially advance the ultimate termination of the litigation. *Id.* Furthermore, "[e]very ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed or balanced." *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Case Nos. 3:11-CV-003-K, 3:10-CV-2541-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011).

**Memorandum Opinion and Order - Page 3**

**It is so ordered** this 18th day of August, 2015.

                                              Sam A. Lindsay
                                              United States District Judge

**Order - Page 4**